**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **APEX SALES AGENCY,** | : | **Case No. 1:06 CV 01203** |
| | : | |
| **Plaintiff,** | : | **JUDGE O'MALLEY** |
| | : | |
| **v.** | : | |
| | : | |
| **PHOENIX SINTERED METALS, INC** | : | **OPINION & ORDER** |
| **ACCU-MET PRESSED METALS, INC** | : | |
| **PAUL STILWELL, STEVE J** | : | |
| **MARTIN, and PETER C.** | : | |
| **VARISCHETTI,** | : | |
| | : | |
| **Defendants.** | : | |

Before the Court is a *Joint Motion to Transfer Venue* (Doc. 11) filed by Defendants Phoenix Sintered Metals, Inc. ("Phoenix"), Peter C. Varischetti ("Varischetti"), Paul Stilwell ("Stilwell"), Steven J. Martin ("Martin"), and Accu-Met Pressed Metals ("Accu-Met"), collectively referred to as "Defendants." Pursuant to 28 U.S.C. §1404(a), Defendants seek to transfer this action to the United States District Court for the Western District of Pennsylvania. Defendants believe that litigating this case in the Western District of Pennsylvania would be more convenient for the parties and witnesses and would better serve the interests of justice. The Court disagrees, and, for the reasons set forth below, Defendants' Motion to Transfer is **DENIED**.

**I.    BACKGROUND**

This action commenced on April 17, 2006, when Plaintiff filed a Complaint in the Court of Common Pleas for Cuyahoga County, Ohio. The Complaint arises out of a sales agency agreement

(hereinafter, the "Agency Agreement") between Plaintiff Apex Sales Agency ("Apex" or "Plaintiff") and Accu-Met. Pursuant to the Agency Agreement, Apex acted as Accu-Met's sales agent within a specific geographic area, which included Ohio, soliciting orders for Accu-Met's powder metal components. Phoenix purchased Accu-Met's assets in or around January 2006, and a central debate in this case is whether Phoenix, by virtue of that asset purchase, assumed Accu-Met's obligations contained in the Agency Agreement.

Plaintiff asserts ten counts in its Complaint, including counts for breach of contract, declaratory judgment, breach of implied contract, successor liability, promissory estoppel, unjust enrichment/quantum merit, fraud, civil conspiracy, and violation of Ohio Revised Code §1335.11, which governs commission payments to sales agents and franchises. On May 15, 2006, defendants Phoenix and Varischetti, with the consent of the other defendants, removed the action to this Court on diversity grounds.  Plaintiff is an Ohio corporation with its principle place of business in Ohio, and all Defendants are residents of Pennsylvania.

While there is much about the Agency Agreement between Apex and Accu-Met at issue in this case, the only aspect of that agreement relevant to the present motion is its choice of law provision.  That clause states, "All provisions of this Agency Agreement, including the provisions of this Paragraph 8, shall be subject to and shall be enforced and construed pursuant to the laws of the State ('Agency's State') where the Agency's principal office is located." The parties do not dispute that this provision, if it applies, provides that disputes arising under the agreement are to be governed by Ohio law.

**II.    DISCUSSION**

Defendants request that this case be transferred to the Western District of Pennsylvania pursuant to 28 U.S.C. §1404(a). Under §1404(a), this Court may transfer a civil case to any other district or division where it may originally have been brought "[f]or convenience of parties and witnesses [and] in the interest of justice." 28 U.S.C. §1404(a). When considering a §1404(a) motion to transfer venue, a "district court must also weigh in the balance and the convenience of the witnesses and those public-interest factors of systemic integrity and fairness that, in addition to private concerns, come under the heading of 'the interest of justice.'" Stewart Organization, Inc v. Ricoh Corp., 487 U.S. 22, 31 (1988).  The party moving for the transfer has the burden of showing that these factors weigh "strongly" in favor of transfer. Picker International, Inc. v. Travelers Indemnity Co., 35 F. Supp. 2d 570, 573 (N.D. Ohio 1998).

As a starting point, the parties agree that, ordinarily, a plaintiff's choice of forum deserves deference when determining whether and when transfer to an alternative forum might be appropriate. Piper Aircraft v. Reyno, 454 U.S. 235, 242 (1981); *see also* West American Ins. Co. v. Potts, 1990 WL 104034 (6th Cir. 1990) ("Foremost consideration must be given to plaintiff's choice of forum."). Thus, this Court will give weight to Plaintiff's choice of forum in this case and will factor that choice into its consideration of the other factors which are relevant to the question of transfer. US v. Cinemark USA, Inc., 66 F. Supp. 2d 881, 888 (N.D.Ohio 1999) (plaintiff's choice of forum should

3

be given "substantial weight.").[1]

Because the parties do not dispute that the action *could* have been brought in the Western

District of Pennsylvania, which is always a threshold inquiry in a motion to transfer, the Court can

proceed to consideration of the convenience of the witnesses and the parties and the interest of

justice.

### A.     Convenience of Parties and Witnesses

First, the Court must consider whether it would be more convenient to the parties to transfer

the case to the Western District of Pennsylvania. In order to make this determination, the Court must

consider the convenience of all parties involved, not just one party's convenience. When transferring

a case would only serve to shift the burden of inconvenience from one party to the other, transfer is

not appropriate. Roberts Metals, Inc. v. Florida Properties Marketing Group, Inc., 138 F.R.D. 89, 94

---

[1]  Defendants argue that, since Plaintiff originally filed in state court in Cuyahoga County,
Ohio, and the case was removed to this Court, Plaintiff did not chose this forum and, therefore,
its choice should not be given difference. Defendants point to a case from the Southern District
of Ohio, Sky Techs. Ptrs., LLC v. Midwest Research Inst., 125 F. Supp. 2d 286 (S.D. Ohio
2000), where the court held that "[a] plaintiff's choice of forum is entitled to somewhat less
weight when the case is removed to federal court because the plaintiff is no longer in his or her
chosen forum, which was the state court." Id. at 292. As an initial matter, that case does not stand
for the proposition that a plaintiff's choice of forum should be given *no weight*, it merely states
that it should be given "somewhat less weight" when a case is filed in state court and removed.
Even if that case were binding on this Court- which it is not- this Court would still conclude that
the case at bar is not appropriate for transfer, based on the weight of the relevant factors analyzed
in this opinion. In any event, a more appropriate analysis is whether a plaintiff has any
connection to a chosen form, not whether a plaintiff selected state or federal court. *See* Cinemark
at 889 (where "plaintiff has little or no connection to the chosen forum," the choice of forum
should be given less weight); *see also* Cescato at *2 (plaintiff's choice of forum is given less
consideration when it is not plaintiff's residence). Here, Plaintiff does have a close connection to
the chosen forum.  Plaintiff is located in Medina, Ohio, in the Northern District of Ohio and near
Cleveland and this Court, and is a resident of Ohio. As such, the Court finds that Plaintiff's
choice of forum in this case should be given significant weight.

(N.D. Ohio 1991); *see also* <u>Van Dusen v. Barrack</u>, 376 U.S 612, 645-46, 84 S. Ct. 805, 824 (1964) ("Section 1404(a) provides for transfer to a more convenient forum, not a forum likely to prove equally convenient or inconvenient.").

Defendants argue that the action would be more convenient in the Western District of Pennsylvania because only one party, Plaintiff, resides in Ohio, while Defendant companies are both Pennsylvania corporations and the individual defendants reside in Pennsylvania.  Defendants are related entities and individuals with aligned interests, however, and, thus, cannot assert that they are truly multiple parties for purposes of a transfer analysis.  This is not a case, for instance, where a single plaintiff has sued many otherwise unrelated entities and charged them with parallel or similar conduct.  As such, this Court finds that a transfer of venue would merely shift the burden of inconvenience, vis-a-vis the parties, from one group of aligned Defendants to Plaintiff.  That is not the result that Section 1404(a) was intended to promote. As a result, the Court is not persuaded that a change of venue would further the convenience of all parties.

The Court must also consider whether a change in venue would be more convenient for the witnesses. With respect to the non-party witnesses, Defendants argue that they have three potential non-party witnesses in Pennsylvania. These witnesses are Robert Howard, Mack Schreiber, and Dick Thorne, who participated in meetings between Phoenix and Apex related to Phoenix's purchase of Accu-Met's assets. Plaintiff counters that they also have many non-party witnesses in Ohio who participated in several meetings between Phoenix and Accu-Met with Apex's largest customer, MTD, Inc. Plaintiff anticipates that there are more than nine witnesses from MTD, Inc., as well as more than four representatives of other Ohio companies that may need to be deposed and/or called as witnesses at the trial. Given the locations of these witnesses, the Court concludes, again, that

changing venue would only serve to shift the burden from Defendant's witnesses to Plaintiff's witnesses. As noted above, such burden-shifting is not a sufficient reason to warrant transfer. *See* Cable Mfg. and Assembly v. Maybee, 2006 WL 354191, *2 (N.D. Ohio 2006) (shifting the burden from one party's witnesses to the other does not make one venue more convenient).

Finally, Defendants argue that the majority of the sources of proof, including books, records, and similar documents, are located in Pennsylvania. While the location of physical evidence is given weight in motions to transfer venue, the location of *documentary* evidence is only a minor consideration. Documents can "easily be sent by mail, copied, or even faxed" to another location. Picker at 574. In this case, documents that are located in Pennsylvania will be fairly easy to transport to Cleveland, and, as such, the location of documents does not weigh heavily in either direction.

Defendants have failed to meet their burden of demonstrating that a transfer of venue to the Western District of Pennsylvania would be more convenient to the witnesses and parties. Transferring venue would not make the action more convenient to *all* parties; rather, transferring would only serve to shift the inconvenience from Defendants to Plaintiffs. The private interest factors that the Court must weigh, therefore, are at best neutral, and are not sufficient to override Plaintiff's choice of forum.

### B.     Interest of Justice

Under §1404(a), the Court must also consider the interest of justice in determining whether a transfer of venue would be appropriate. These public interest factors include: (i) the enforceability of the judgement; (ii) practical considerations affecting trial management; (iii) docket congestions; (iv) the local interest in deciding local controversies at home; (v) the public polices of the fora; and

6

(vi) the familiarity of the trial judge with the applicable state law. <u>Cescato v. Anthem</u>, 2005 WL 3487974 at *2. The parties in this case focus primarily on the sixth factor- the familiarity of the trial judge with the applicable state law.[2]

When jurisdiction is based on diversity, as it is here, an important factor for the Court to consider in change of venue motions is the familiarity of a trial judge with the state law to be applied. "Where resolution of a diversity case requires application of state law, there is a legitimate interest in allowing the court that is most familiar with the applicable law to resolve the dispute." <u>Rothenberg v. General Motors Corp.</u>, 1996 WL 121634, *2 (N.D. Ohio 1994).

Not surprisingly, both parities argue that this factor weighs in their respective favors. Plaintiff argues that the choice of law provision in the Agency Agreement between Apex and Accu-Met, which names Ohio as the controlling law, is a *dispositive* reason to deny the transfer of venue, citing <u>Premcor Refining Group, Inc. v. Born, Inc.</u>, 2006 WL 83495 (N. D. Ohio 2006). On the other hand, Defendants argue that the choice of law provision in the Asset Purchase Agreement between Accu-Met and Phoenix,  which names Pennsylvania as the controlling law, weighs in favor of moving the case to Pennsylvania because Plaintiff's successor liability claim will be governed by Pennsylvania law.

---

[2] Defendants also argue that, under the fourth public interest factor, Pennsylvania has a local interest in deciding this case. Specifically, Defendants argue that, not only does the "center of gravity" fall in Pennsylvania, but this claim seeks to impose liability on Pennsylvania corporations and residents. Defendants' argument pertaining to this factor is not compelling. First, the Court has already determined that the center of gravity does not fall clearly in Pennsylvania. See <u>infra</u> at II.A. In addition, while the claim does seek to impose liability on Pennsylvania residents, it also involves an allegation that an Ohio resident has been harmed. Once again, transferring the case would not increase any local interest in the case, but would merely serve to move the case from one state with an interest to another state with an equal interest.

As an initial matter, Plaintiff's assertion that a choice of law provision is a dispositive factor in a decision to transfer is incorrect. In Premcor, this Court considered an agreement to litigate under Ohio law "*another reason* for venue in this Court," not the dispositive reason to litigate in Ohio. Id at *5 (emphasis added). In fact, this Court has specifically held that "[w]hen choosing the forum under a 1404(a) motion to transfer venue, the choice of law is a relevant factor but is not determinative." Picker at 574.

Nonetheless, it appears that this Court potentially will have to apply Ohio law to some of Plaintiff's claims and Pennsylvania law to others. Since this case will involve both Pennsylvania and Ohio law, neither this Court nor the Pennsylvania court will have greater familiarity with the local law.[3] Once again, the public interest factor the parties primarily address is neutral at best.

Based on the Court's weighing of the relevant factors, Defendants have failed to meet their burden of persuading the Court that this case should be transferred to the Western District of Pennsylvania. Both Ohio and Pennsylvania law potentially are involved in the claims, so neither Court has a clear advantage with respect to familiarity with state law. Further, the center of gravity and local interest in this case are fairly evenly distributed between the two locations, so a change of venue would neither be more convenient for all parties nor better serve the interests of justice. The Court concludes, therefore, that it is not appropriate in this case to override Plaintiff's choice of forum.

---

[3] Neither party explains the difference, if any, between the laws of these two states as they relate to the matters at issue here. Given the relatively uncomplicated nature of the parties' dispute, the Court is confident it can grasp the niceties of Pennsylvania law to the extent necessary.

**III.  CONCLUSION**

For the reasons outlined above, Defendant's motion to transfer venue is **DENIED**.

**IT IS SO ORDERED.**

s/Kathleen M. O'Malley
**KATHLEEN McDONALD O'MALLEY**
**UNITED STATES DISTRICT JUDGE**

**Dated: October 23, 2006**